UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNON BREWER,

               Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

               Defendant.

CASE NO. 13-cv-05173 RJB

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S COMPLAINT

Noting Date: March 7, 2014

     This matter has been referred to United States Magistrate Judge J. Richard
Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR
4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,
271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 12, 15, 16).

     After considering and reviewing the record, the Court concludes that the ALJ's
finding that no medical source had diagnosed plaintiff with conversion disorder is not
based on substantial evidence in the record as a whole. Because an examining psychiatrist

has diagnosed such a disorder, and as all of the alleged resultant functional limitations resulting from this disorder are not credited fully by the ALJ, this error is not harmless.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

<u>BACKGROUND</u>

Plaintiff, SHANNON BREWER, was born in 1969 and was 39 years old on the alleged date of disability onset of December 26, 2008 (*see* Tr. 135, 142). Plaintiff completed high school and attended college, but was one unit shy of her associate's degree (Tr. 44). Plaintiff has work experience as a retail store manager, athletic trainer, and sales person (Tr. 50-51).

Plaintiff has "severe impairments consisting of a reported vision loss, headaches and post-concussion syndrome (20 CFR 404.1520(c) and 416.920(c))" (Tr. 23).

At the time of the hearing, plaintiff was living in an apartment with her dog and a friend (Tr. 44-45).

<u>PROCEDURAL HISTORY</u>

Plaintiff protectively filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act on June 2, 2009 (*see* Tr. 135-41, 142-45). The applications were denied initially (Tr. 59, 60) and following reconsideration (Tr. 61, 62). Plaintiff's requested hearing was held before Administrative Law Judge Richard Say ("the ALJ") on March 22, 2011 (*see* Tr. 40-57).

On March 31, 2011, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.18-39).

On January 7, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in March of 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on May 22, 2013 (*see* ECF Nos. 9, 10).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ's finding at step four of the sequential disability evaluation process that plaintiff can perform past relevant work as a salesperson and a retail store manager is supported by substantial evidence and free of legal error; and (2) Whether or not the ALJ's decision should be reversed when he failed to give any specific and legitimate reason for rejecting the opinion of Charles Bellville, M.D. (*see* ECF No. 12, p.1).

<u>STANDARD OF REVIEW</u>

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A),

1   1382c(a)(3)(A).  A claimant is disabled pursuant to the Act only if claimant's

2   impairment(s) are of such severity that claimant is unable to do previous work, and

3   cannot, considering the claimant's age, education, and work experience, engage in any

4   other substantial gainful activity existing in the national economy. 42 U.S.C. §§

5   423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.

6   1999).

7        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

8   denial of social security benefits if the ALJ's findings are based on legal error or not

9   supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

10   1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

11   1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

12   such "'relevant evidence as a reasonable mind might accept as adequate to support a

13   conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v.

14   Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not

15   substantial evidence supports the findings by the ALJ, the Court should "review the

16   administrative record as a whole, weighing both the evidence that supports and that

17   which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th

18   Cir. 1995) (*citing Magallanes, supra*, 881 F.2d at 750).

19        In addition, the Court must independently determine whether or not "'the

20   Commissioner's decision is (1) free of legal error and (2) is supported by substantial

21   evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v.

22   Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases));

*Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

## DISCUSSION

**Whether or not the ALJ's decision should be reversed when he failed to give any specific and legitimate reason for rejecting the opinion of Charles Bellville, M.D.**

On April 16, 2010, Dr. Charles Bellville, M.D. conducted an independent examination and evaluation of plaintiff (*see* Tr. 909-13). He included his discussion of differential diagnosis (*see* Tr. 912). Among the possible diagnoses discussed, Dr. Bellville indicated that he was "leaning towards an unconscious process such as a conversion disorder," which he described as "something that is not consciously manufactured by the patient, but rather something that resolves an unconscious conflict" (*see id.*).

The ALJ discussed only part of the opinion of Dr. Bellville (*see* Tr. 27). The ALJ found in his written decision that "there is no definitive diagnosis of a conversion [disorder] by a mental health professional in the record of evidence" (*see id.*). The ALJ

1    then relied on this finding to conclude that "this condition is not considered a medically

2    determinable impairment" (*see id.*). However, at the end of Dr. Bellville's opinion Dr.

3    Bellville states the following: ". . .  I am diagnosing conversion disorder" (*see* Tr. 913).

4    Therefore, it is unclear whether or not the ALJ reviewed the entire record from Dr.

5    Bellville: However, it is clear that the ALJ's finding that there is no "definitive

6    diagnosis" is not supported by substantial evidence in the record as a whole (*see* Tr. 27,

7    912).

8         Even if a treating or examining physician's opinion is contradicted, that opinion

9    can be rejected only "for specific and legitimate reasons that are supported by substantial

10   evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing*

11   *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d

12   499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and

13   thorough summary of the facts and conflicting clinical evidence, stating his interpretation

14   thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)

15   (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

16        Defendant argues that the ALJ's interpretation of Dr. Bellville's statement is

17   appropriate; however, because the ALJ implicitly rejects Dr. Bellville's opinion that

18   conversion disorder is a medically determinable impairment. In essence, defendant argues

19   that the ALJ didn't ignore Dr. Bellville's diagnosis – he rejected it.  Either way, the ALJ

20   failed to provide a specific and legitimate reason for not accepting Dr. Bellville's

21   diagnosis. According to the Ninth Circuit, the ALJ must explain why his own

22   interpretation, rather than that of the doctor, is correct. *Reddick, supra*, 157 F.3d at 725

(*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). In doing so, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Here, the ALJ's failure to discuss Dr. Bellville's explicit diagnosis of conversion disorder, while the ALJ made explicit conclusions contrary to the opinion of Dr. Bellville, is legal error. *See id.* The ALJ also failed to find that plaintiff's conversion disorder was a severe impairment: a finding apparently in conflict with Dr. Bellville's opinion that plaintiff's "is currently considered category 3 for the psychological contribution to her ongoing symptom profile" (*see* Tr. 23, 913; *see also* Opening Brief, ECF No. 12, p. 13).

Defendant contends that any error on the part of the ALJ in considering plaintiff's conversion disorder is harmless error as an "error is harmful at step two only if the ALJ fails to consider how the combination of impairments, both severe and non-severe, affected the Plaintiffs' ability to do basic work activities in the subsequent analysis of Plaintiff's functional capacity" (*see* Response, ECF No. 15, p. 6 (*citing Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)). Plaintiff contends that "although Defendant argues that the ALJ adopted all of Plaintiffs' credible vision limitations, when the diagnosis of conversion disorder is accepted this may show that plaintiff has poorer vision than found by the ALJ" (*see* Reply, ECF No. 16, p. 10).

Based on the relevant record, the Court finds plaintiff's argument to be persuasive. Although defendant contends that the ALJ adopted all of plaintiff's credible vision limitations, the ALJ did not find plaintiff to be credible entirely and did not fully credit her complaints and allegations (*see* ECF No. 15, p. 6; *see also* Tr. 28). In addition, the explicit defining factor of conversion disorder verses malingering or factitious disorder, according to Dr. Bellville, whose specialty is listed as psychiatry, is whether the disorder is conscious, and within the control of the patient/plaintiff, or "an unconscious process, that is, something that is not consciously manufactured by the patient" (*see* Tr. 912, 913). Here, after an examination of plaintiff, Dr. Bellville concluded that plaintiff's complaints, such as vision problems, were not manufactured consciously; however, the ALJ concluded differently, and failed to credit fully plaintiff's complaints and allegations.

Although the ALJ's credibility determination is not challenged explicitly by plaintiff, the question presented herein is whether or not the ALJ's failure to discuss the significant probative evidence of a definitive diagnosis from an examining doctor, within the doctor's specialty, is harmless error. Because the ALJ's credibility determination and RFC evaluation would have been different had the ALJ accepted Dr. Bellville's diagnosis, the failure to credit fully (or even recognize) the diagnosis is not inconsequential to the ultimate conclusion regarding non-disability.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the

record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The error in ignoring a diagnosis from an examining psychiatrist of a severe mental impairment was not inconsequential to the ultimate determination regarding non-disability. Therefore, this matter should be reversed and remanded for further consideration of Dr. Bellville's medical opinion and for further consideration of plaintiff's alleged conversion disorder.

<u>CONCLUSION</u>

The ALJ committed harmful legal error when reviewing the medical evidence.

Because a determination of a plaintiff's credibility and allegations relies in part on an assessment of the medical evidence, plaintiff's allegations should be assessed anew.

The RFC and the remainder of the sequential disability evaluation process should be completed anew as necessary.

Because this Court recommends reversal and remand on this issue, the Court need not address plaintiff's other issue.

1   Based on these reasons, and the relevant record, the undersigned recommends that

2   this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

3   405(g) to the Acting Commissioner for further consideration.  **JUDGMENT** should be

4   for **PLAINTIFF** and the case should be closed.

5   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

6   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

7   Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

8   purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

9   Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

10  matter for consideration on March 7, 2014, as noted in the caption.

11  Dated this 14th day of February, 2014.

12

13

14  J. Richard Creatura
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24